UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WESTCHESTER PUTNAM COUNTIES
HEAVY & HIGHWAY LABORERS LOCAL 60
BENEFIT FUNDS, individually and on behalf of all others similarly situated,

         **Plaintiff,**      16-CV-02400 (AT)(SN)

   -against-         **OPINION AND ORDER**

BRIXMOR PROPERTY GROUP INC., et al.,

         **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge**:

   This class action is brought pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. Plaintiffs, purchasers of securities of defendant Brixmor Property Group Inc. ("Brixmor" or the "Company") between October 27, 2014 and February 5, 2016, inclusive, allege that Brixmor and certain high-level officers and directors made false and misleading statements with respect to its net operating income ("NOI") figures.

   Chester County Employees' Retirement Fund and the St. Paul Teachers' Retirement Fund Association (collectively, the "Chester Group"), and Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds, Teamsters Local 456 Annuity Fund, and the City of Birmingham Retirement and Relief System (collectively, the "Institutional Investors") both seek appointment as lead plaintiff and for approval of their choices of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The parties appeared for oral argument before the Court on November 28, 2016. Upon review of the parties' submissions and

arguments, the Court GRANTS the Institutional Investors' motion and DENIES the Chester Group's motion.

## DISCUSSION

The PSLRA directs the Court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interests of the class." 15 U.S.C. § 78u–4(a)(3)(B)(ii). The PSLRA creates a "rebuttable presumption" that the "most adequate plaintiff" possesses the "largest financial interest in the relief sought by the class," so long as the typicality and adequacy requirements of Federal Rule of Civil Procedure 23 are met. 15 U.S.C. § 78u–1(a)(3)(B)(iii)(I)(aa)-(cc). In determining who has the "largest financial interest," the Court considers: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended during the class period; and (4) the approximate losses incurred. See Lax v. First Merchants Acceptance Corp., No. 97 C 2716, 1997 WL 461036, at *6 (N.D. Ill. Aug. 11, 1997). The trend among New York courts is to view the factors in ascending order of importance, such that the number of shares purchased is the least important and the losses incurred are the most important. See Richman v. Goldman Sachs Grp., Inc., 274 F.R.D. 473, 475-76 (S.D.N.Y. 2011). With regards to losses incurred, "Southern District of New York courts have a very strong preference for the LIFO [last-in first-out] method in calculating loss." Id.

It is undisputed that the Chester Group incurred larger losses, both in terms of the absolute number ($20,884) and percentage (16%) difference. The parties neither dispute the LIFO methodology used to calculate the losses or the duration of the class period at issue nor raise the possibility that there may be unique defenses clouding the loss amounts. But the precedent in this District is split as to whether the difference here should be construed as

"roughly equal" or outcome-determinative. Compare In re Doral Fin. Corp. Sec. Litig., 414 F. Supp. 2d 398, 403 (S.D.N.Y. 2006) (holding that a 17% difference in losses was "roughly equal") with Weiss v. Friedman, Billings, Ramsey Grp., Inc., No. 05 Civ. 4617 (RJH), 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2007) (holding that a 13% difference in losses was not negligible).

The other factors, however, overwhelmingly favor the Institutional Investors. The Institutional Investors purchased 70,967 net shares, compared to the Chester Group's 38,280, and expended $1,840,208 in net funds during the class period, compared to the Chester Group's $995,298. These other factors provide a more objective assessment of a movant's financial interest than the losses suffered, given that shares purchased, net shares purchased, and funds expended are static markers set in stone during the class period, whereas losses suffered may be subject to future changes in the price per share. See Pio v. Gen. Motors Co., No. 14–11191, 2014 WL 5421230, at *4 (E.D. Mich. Oct. 24, 2014) (stating that "the first three factors provide the most objective measurement of a movant's stake in the litigation because the fourth factor is heavily dependent on the method applied and numbers chosen to calculate losses").

Accordingly, the Court finds that the Institutional Investors have the "largest financial interest in the relief sought by the class." See, e.g., Cortina v. Anavex Life Sci. Corp., et al., No. 15 Civ. 10162 (JMF), 2016 WL 1337305, at *2 (S.D.N.Y. Apr. 5, 2016) (holding that much higher net shares purchased and net funds expended outweighed a loss that "only slightly favor[ed]" a competing movant); Alkhoury v. Lululemon Athletica, Inc., et al., No. 13 Civ. 4596 (KBF), 2013 WL 5496171, at *1 (S.D.N.Y. Oct. 1, 2013) (holding that a "slightly higher" loss amount was "insufficient to outweigh the substantial financial interest . . . evidenced by the other factors"); Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc., No. 06 Civ. 5797 (PAC),

2007 WL 7952453, at *2 (S.D.N.Y. Feb. 21, 2007) (appointing as Lead Plaintiff a movant with $40,000 less in losses incurred, but with higher shares purchased, net shares purchased, and net funds expended).

The Court also finds that the Institutional Investors satisfy the requirements of Rule 23 for the reasons stated in its opening brief. The presumptive lead plaintiff need only make a "preliminary showing" that the adequacy and typicality requirements under Rule 23 are satisfied. Weinberg v. Atlas Air Worldwide Holdings, Inc., 216 F.R.D. 248, 252-53 (S.D.N.Y. 2003). The Institutional Investors' claims arise from the same course of events as that of the other members of the Class, i.e., they purchased Brixmor securities during the Class Period at prices allegedly inflated by the Company's statements regarding its NOI figures, thus satisfying the typicality requirement. The Institutional Investors also satisfy the adequacy requirement, as no conflicts of interest have arisen and experienced counsel have been selected.

## CONCLUSION

The Institutional Investors' motion to be appointed lead plaintiff is GRANTED, and their selection of lead counsel is approved. The Chester Group's competing lead plaintiff motion is DENIED. Lead Plaintiff and Defendants shall submit a joint letter proposing, in detail, a schedule for discovery and briefing any dispositive or class certification motions within 14 days from this Order.

The Court requests that the Clerk of Court close docket entries 30 and 33.

**SO ORDERED**.

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    New York, New York
          November 29, 2016

4