## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WESTCHESTER PUTNAM COUNTIES HEAVY & HIGHWAY LABORERS LOCAL 60 BENEFIT FUNDS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No.:  1:16-cv-02400 (AT)(SN) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **CLASS ACTION** |
| BRIXMOR PROPERTY GROUP INC., MICHAEL CARROLL. MICHAEL PAPPAGALLO, AND STEVEN SPLAIN, | ) ) ) ) | **EXHIBIT A** |
| Defendants. | ) ) | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Property Group Inc., et al.*, Case No. 1:16-cv-02400-AT-SN (the "Action");

WHEREAS, (a) Lead Plaintiffs Westchester Putman Counties Heavy & Highway Laborers Local 60 Benefit Funds, Teamsters Local 456 Annuity Fund, and the City of Birmingham Retirement and Relief System, on behalf of themselves and the Settlement Class (defined below), and (b) Defendants Brixmor Property Group Inc. ("Brixmor" or "the Company"), Michael Carroll, Michael Pappagallo and Steven Splain (the "Individual Defendants," and together with Brixmor, the "Defendants"), have entered into a Stipulation and Agreement of Settlement dated July 27, 2017 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal

Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired Brixmor securities (including, but not limited to, Brixmor common stock, 3.850% Senior Notes due 2025, and 3.875% Senior Notes due 2022) during the period from February 20, 2014 through February 5, 2016, inclusive, and who were damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) the officers and directors of Brixmor (at all relevant times); (iii) members their immediate families and their legal representatives, successors or assigns; and (iv) any firm or entity in which any Defendant has or had a controlling interest.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.     **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement

Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Westchester Putman Counties Heavy & Highway Laborers Local 60 Benefit Funds, Teamsters Local 456 Annuity Fund, and the City of Birmingham Retirement and Relief System are adequate class representatives and certifies them as Class Representatives for the Settlement Class.   The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2017 at __:__ _.m. in Courtroom 15D, of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as

Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may be properly brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. ("Epiq" or the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within five (5) business days of the date of entry of this Order, Brixmor shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) records reasonably available to Brixmor or its transfer agent concerning the identity and last known address of Settlement Class Members, in electronic form or other form as is reasonably available to Brixmor or its transfer agent, which information the Claims Administrator shall treat and maintain as confidential;

(b)     not later than ten (10) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim

Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records which Brixmor caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of

attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Brixmor securities during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or

documentation of expenses incurred subject to review by the Court.

10.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be potentially eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

12.     Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Brixmor Securities Litigation*, EXCLUSIONS, P.O. Box 5270, Portland, OR 97208-5270, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Property Group, Inc. et al.*, 1:16-cv-02400-AT-SN"; (iii) state the number of Brixmor securities that the person or entity requesting

8

exclusion purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own

choice, by filing with the Clerk of Court and delivering a notice of appearance to representatives of both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Saxena White P.A. | Paul, Weiss, Rifkind, Wharton & |
| Lester Hooker, Esq. | Garrison LLP |
| 5200 Town Center Circle, Suite 601 | Richard A. Rosen, Esq. |
| Boca Raton, FL 33486 | 1285 Avenue of the Americas |
| | New York, NY 10019 |

-and-

Greenberg Traurig
Robert A. Horowitz, Esq.

10

MetLife Building, 200 Park Avenue
New York, NY 10166

-and-

Wilmer Cutler Pickering Hale and Dorr LLP
Peter J. Kolovos
60 State Street
Boston, MA 02109

-and-

Cohen & Gresser LLP
Mark S. Cohen
800 Third Avenue
New York, NY 10022

18.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Brixmor securities that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to

object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.  **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

21.  **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.  Notwithstanding the foregoing, prior to the Effective Date, such Notice and Administration Costs paid shall not exceed $350,000.00 without further approval of the Court.

22.  **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank, for which The Huntington National Bank will serve as the Escrow Agent, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation or further order(s) of the Court.

23.  **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all

obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of May 17, 2017, as provided in the Stipulation.

25.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, and the documents prepared to effectuate this Settlement, the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall (i) be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to, (aa) the truth of any fact alleged by Lead Plaintiffs; (bb) the validity of any claim that was or could have been asserted in the Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (dd) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees;

or (ii) in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be (i) offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees (aa) that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (bb) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26.   **Supporting Papers** – Lead Counsel shall file the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and Lead Plaintiffs and Lead Counsel are authorized to file

reply papers, which shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

27.     **CAFA Notice** – Defendants shall, no later than ten (10) calendar days following the filing of the Stipulation with the Court, serve upon the appropriate state official of each state in which a Settlement Class Member resides and the Attorney General of the United States a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least fourteen (14) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

28.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2017.


_____
The Honorable Analisa Torres
United States District Judge


Copies:

Counsel of Record

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WESTCHESTER PUTNAM COUNTIES HEAVY & HIGHWAY LABORERS LOCAL 60 BENEFIT FUNDS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIXMOR PROPERTY GROUP INC., MICHAEL CARROLL. MICHAEL PAPPAGALLO, AND STEVEN SPLAIN,<br><br>Defendants. | Case No.:  1:16-cv-02400 (AT)(SN)<br><br>**CLASS ACTION**<br><br>**EXHIBIT A-1** |

## NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if, during the period from February 20, 2014, through February 5, 2016, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired Brixmor securities (including, but not limited to, common stock, 3.850% Senior Notes due 2025, and 3.875% Senior Notes due 2022) and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs, Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds, Teamsters Local 456 Annuity Fund, and the City of Birmingham Retirement and Relief System ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in paragraph 18 below), have reached a proposed settlement of the Action for $28,000,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation And Agreement Of Settlement (the "Stipulation"), which is available at www.BrixmorSecuritiesSettlement.com.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Brixmor, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (see paragraph 81 below).**

1.      **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Brixmor Property Group Inc. ("Brixmor" or the "Company"), Michael Carroll, Michael Pappagallo, and Steven Splain (collectively, the "Defendants")[2] violated the federal securities laws by deliberately falsifying one of the Company's most important publicly-reported financial metrics. A more detailed description of the Action is set forth in paragraphs 11-17 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 18 below.

2.      **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $28,000,000.00 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 46-52 below.

3.      **Estimate of Average Amount of Recovery Per Security:**  Based on Lead Plaintiffs' damages expert's estimates of the number of Brixmor securities purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per damaged security is $0.19.  Settlement Class Members should note, however, that the foregoing average recovery per security is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Brixmor securities, and the total number and recognized loss amount of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (see paragraphs 46-52 below) or such other plan of allocation as may be ordered by the Court.

4.      **Average Amount of Damages Per Security:**  The Parties do not agree on the average amount of damages per security that would be recoverable if Lead Plaintiffs were to prevail in

---

[2]  Defendants Michael Carroll, Michael Pappagallo, and Steven Splain are collectively referred to herein as the "Individual Defendants."

the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in March 2016, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel Saxena White P.A. will apply to the Court for an award of attorneys' fees in an amount not to exceed one-third (1/3) of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $200,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per damaged security of Brixmor common stock, if the Court approves Lead Counsel's fee and expense application, is $0.07 per damaged security.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by Lester R. Hooker, Esq. of Saxena White P.A., 5200 Town Center Circle, Suite 601, Boca Raton, FL 33486, (561) 206-6708, lhooker@saxenawhite.com.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after further contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation. **Jed Melnick of JAMS provides the following statement regarding the Settlement:**

> "I was selected by the Parties to serve as the Mediator in this Action, and oversaw the negotiations that resulted in the Settlement. I believe that the Settlement, in the amount of $28,000,000.00 in cash – which was reached after extensive and rigorous arm's length negotiations – represents a fair and sound resolution to a complex and uncertain litigation against Defendants. I therefore recommend the Settlement as reasonable, arm's length, and consistent with the risks and potential rewards of the claims asserted against the Defendants."

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2017.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and |

3

| | you will give up any Released Plaintiffs' Claims (defined in paragraph 27 below) that you have against Defendants and the other Defendants' Releasees (defined in paragraph 28 below), so it is in your interest to submit a Claim Form. |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2017, AT __:___ .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | Filing a written objection and notice of intention to appear by _____, 2017, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ................................................................ Page ___
What Is This Case About? ................................................................... Page ___
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class? .................................... Page ___
What Are Lead Plaintiffs' Reasons For The Settlement? ...................... Page ___
What Might Happen If There Were No Settlement? .............................. Page ___
How Are Settlement Class Members Affected By The Action
  And The Settlement? ..................................................................... Page ___
How Do I Participate In The Settlement?  What Do I Need To Do? ...... Page ___

4

How Much Will My Payment Be?                                                                 Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid?                                                             Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
        How Do I Exclude Myself?                                                            Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement?                                                              Page __
What If I Bought Brixmor Securities On Someone Else's Behalf?                               Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?                        Page __

## WHY DID I GET THIS NOTICE?

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Brixmor securities during the Settlement Class Period.   The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").   See paragraph 72 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.     On March 31, 2016, this Action was commenced in the United States District Court for the Southern District of New York, styled *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Property Group Inc. et al.*, Case No. 1:16-cv-02400-AT-SN.

12.    By Order dated November 29, 2016 the Court appointed Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds, Teamsters Local 456 Annuity Fund, and the City of Birmingham Retirement and Relief System as Lead Plaintiffs and approved Lead Plaintiffs' selection of Saxena White, P.A. ("Saxena White") as Lead Counsel for the class.

13.    On February 16, 2017, Lead Plaintiffs filed their Amended Class Action Complaint (the "Complaint"), on behalf of the Settlement Class, asserting claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The Complaint alleges, among other things, that throughout the class period, Brixmor's most senior officers deliberately falsified one of the Company's most important publicly-reported financial metrics.    Specifically, the Complaint alleges that Defendants fraudulently manipulated Brixmor's quarterly same property net operating income, falsely portraying the growth in that metric as consistent and stable when in reality it fluctuated.  The Complaint further alleges that Brixmor's stock price was artificially inflated as a result of Defendants' false and misleading statements, and that Brixmor's stock price declined when the truth regarding Defendants' alleged misrepresentations was revealed.

14.    On May 17, 2017, Lead Plaintiffs and Defendants participated in a mediation session before nationally recognized mediator Jed Melnick, Esq. of JAMS.  During the mediation session, the Parties reached an agreement in principle to settle the Action for a cash payment of $28,000,000.00 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

15.    Based on their investigation, discovery, prosecution and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiffs' oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of the Stipulation.

16.    The Stipulation and the Settlement constitute a compromise of matters that are in dispute among the Parties.  Defendants have entered into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and the Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  The Stipulation and the Settlement also shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of an infirmity in any of the claims

asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

17.    On _____, 2017, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider, among other things, whether to grant final approval to the Settlement.

<div style="border:1px solid;text-align:center">

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

</div>

18.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> All persons and entities who purchased or otherwise acquired Brixmor securities (including Brixmor common stock, 3.850% Senior Notes due 2025, and 3.875% Senior Notes due 2022) during the period from February 20, 2014, through February 5, 2016, inclusive, and who were damaged thereby.

Excluded from the Settlement Class are (i) Defendants; (ii) the officers and directors of Brixmor (at all relevant times); (iii) members of their immediate families and their legal representatives, successors or assigns; and (iv) any firm or entity in which any Defendant has or had a controlling interest.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.  See "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" on page [__] below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2017.**

<div style="border:1px solid;text-align:center">

**WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

</div>

19.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Lead Plaintiffs and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery.  For example, Defendants would assert that their statements were not materially false and misleading, and that even if they were, they did not cause any damage to the Settlement Class.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements

would be hotly contested. Lead Plaintiffs would have to prevail at several stages – motions to dismiss, motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

20.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $28,000,000.00 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

21.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, as noted above, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
| --- |

22.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
| --- |

23.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

24.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" below.

25.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

26.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in paragraph 27 below) against the Defendants and the other Defendants' Releasees (as defined in paragraph 28 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

27.   "Released Plaintiffs' Claims" means, to the extent allowed by law, all claims, demands, losses, rights, and causes of action of any nature whatsoever, whether known or Unknown Claims, that have been or could have been asserted in this Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Lead Plaintiffs, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the defendants, which (a) arise out of, are based upon, or relate to in any way any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action, and (b) arise out of, are based upon, or relate to in any way the purchase, acquisition, holding, sale, or disposition of any Brixmor securities during the Settlement Class period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; any (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

28.   "Defendants' Releasees" means Defendants, Defendants' Counsel, the present and former parents, subsidiaries, divisions and affiliates of Brixmor, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers and agents of each of them, and the predecessors, heirs successors and assigns of each.

29.   "Unknown Claims" means any Released Plaintiffs' Claims that any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

30.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in paragraph 31 below) against any of the Plaintiffs' Releasees (as defined in paragraph 32 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

31.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement and any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

32.    "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, Plaintiffs' Counsel, and all other Settlement Class Members..

33.    The Judgment will also provide that, upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendants' Releasees with respect to any Released Plaintiffs' Claim, or brought by a Defendant against any of the Plaintiffs' Releasees with respect to any Released Defendants' Claim.

34.    The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party or the D&O Insurers, except for the payments expressly provided for in the Stipulation.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

35.    To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation postmarked no later than _____, 2017.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the

Claims Administrator for the Settlement, www.BrixmorSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-844-308-9228.  Please retain all records of your ownership of and transactions in Brixmor securities, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

36.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

37.    Pursuant to the Settlement, Defendants have agreed pay twenty-eight million dollars ($28,000,000.00) in cash.  The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

38.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

39.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

40.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

41.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2017, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in paragraph 27 above) against the Defendants' Releasees (as defined in paragraph 28 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

42.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Brixmor securities held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.

43.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

44.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

45.    Only Settlement Class Members, i.e., persons and entities who purchased or otherwise acquired Brixmor securities during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be potentially eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## **PROPOSED PLAN OF ALLOCATION**

46.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

47.    Brixmor securities purchased or otherwise acquired during the Settlement Class Period that may be eligible for a recovery include:

      i.    Brixmor common stock;

     ii.    Brixmor 3.875% Senior Notes due 2022 (the "2022 Notes");[3] and

    iii.    Brixmor 3.850% Senior Notes due 2025 (the "2025 Notes").[4]

48.    The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized Loss amounts are based primarily on the price declines observed over the period which Lead Plaintiffs allege corrective information was entering the market place.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during

---

[3] The CUSIP for the 2022 Notes is 11120VAB9.

[4] The CUSIP for the 2025 Notes is 11120VAA1.

the Settlement Class Period of February 20, 2014, through February 5, 2016, inclusive, which had the effect of artificially inflating the price of Brixmor securities.

49.   In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of Brixmor securities.  The alleged corrective disclosure that removed the artificial inflation from the price of Brixmor securities occurred on February 8, 2016 (the "Corrective Disclosure").   Accordingly, if Brixmor securities were sold before February 8, 2016, the Recognized Loss for such security is $0.00, and any loss suffered is not compensable under the federal securities laws.

50.   The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of Brixmor securities was artificially inflated throughout the Settlement Class Period.  The estimated alleged artificial inflation in the price of Brixmor securities during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiffs and the stock price reaction (net of market and industry effects) to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiffs.

51.   The estimated alleged artificial inflation in the price of Brixmor securities during the Class Period, assuming that Lead Plaintiffs could adequately allege and prove liability for that entire period, is reflected in Table 1 below.  The estimation of the alleged artificial inflation in the price of the 2022 Notes and the 2025 Notes during the Settlement Class Period also takes into account the increased litigation risk associated with bondholder claims under Section 10(b) of the Exchange Act. [5]   Accordingly, 10% of the total estimated artificial inflation in the 2022 Notes and the 2025 Notes during the Settlement Class Period is used in Table 1 below to reflect Lead Counsel's assessment of the likelihood of success on these claims.

| Table 1 Artificial Inflation in Brixmor Securities[6, 7] | | | | |
|---|---|---|---|---|
| **From** | **To** | **Per Share of Common Stock** | **2022 Notes Per $1000 Par Value** | **2025 Notes Per $1000 Par Value** |
| February 20, 2014 | February 5, 2016 | $4.75 | $5.84 | $8.39 |

---

[5] The litigation risks with respect to the 2022 and 2025 Notes are significant, at least in part because defendants have asserted that Lead Plaintiffs, who did not purchase the Notes, have no legal standing to assert the claims in the Complaint on behalf of purchasers of those securities and because of the difficulty of establishing any causal connection between the disclosures in dispute and any change in the price of the Notes.  Additionally, because bond markets are less developed than stock markets (and thus not normally considered to be efficient), Lead Plaintiffs would face significant hurdles obtaining class certification for those securities.  *See, e.g.*, Park, James, *Bondholders and Securities Class Actions*, 99 Minn. L. Rev. 585, 588 n.7 (December 2014).

[6] Any transactions in a Brixmor security executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[7] Herein, one Brixmor Note refers to a bond with $1,000 par value, and all prices for the 2022 Notes and the 2025 Notes are expressed per $1,000 par value.

| February 8, 2016 | Thereafter | $0.00 | $0.00 | $0.00 |

52.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Brixmor securities.  The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Brixmor securities purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such security and the average price of Brixmor securities during the 90-Day Lookback Period.  The Recognized Loss on Brixmor securities purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such security and the rolling average price of the Brixmor security during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

## CALCULATION OF RECOGNIZED LOSS PER SECURITY

53.    For each Brixmor security purchased or otherwise acquired during the Settlement Class Period (i.e., February 20, 2014 through February 5, 2016, inclusive), the Recognized Loss per security shall be calculated as described in what follows.  In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

i.    For each Brixmor security that was purchased during the Settlement Class Period that was sold prior to February 8, 2016, the Recognized Loss per security is $0.00.

ii.    For each Brixmor security that was purchased during the Settlement Class Period that was sold during the period February 8, 2016 through May 5, 2016, inclusive, the Recognized Loss per security is *the lesser of*:

a.    the amount of per-security price inflation on the date of purchase as appears in Table 1 above; or

b.    the per-security purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

iii.    For each Brixmor security that was purchased during the Settlement Class Period and still held as of the close of trading on May 5, 2016, the Recognized Loss per security is *the lesser of*:

a.    the amount of per-security price inflation on the date of purchase as appears in Table 1 above; or

b.    the per-security purchase price *minus* the average closing price for the Brixmor security during the 90-Day Lookback Period.  The average closing price during the 90-Day Lookback Period for each Brixmor security is as follows: $24.50 per share of Brixmor common stock; $969.37 per $1000 par value for the 2022 Notes; and $914.41 per $1000 par value for the 2025 Notes.

| Table 2 | | | |
|---|---|---|---|
| 90-Day Lookback Value by Sale/Disposition Date | | | |
| Sale / Disposition Date | Common Stock | 2022 Notes Per $1000 Par Value | 2025 Notes Per $1000 Par Value |
| 2/8/2016 | $21.10 | $1,013.24 | $913.79 |
| 2/9/2016 | $21.63 | $984.87 | $906.29 |
| 2/10/2016 | $21.80 | $975.41 | $892.54 |
| 2/11/2016 | $21.90 | $969.16 | $888.65 |
| 2/12/2016 | $22.05 | $963.59 | $886.33 |
| 2/16/2016 | $22.25 | $959.87 | $884.77 |
| 2/17/2016 | $22.38 | $954.85 | $881.61 |
| 2/18/2016 | $22.51 | $952.92 | $879.61 |
| 2/19/2016 | $22.60 | $950.87 | $881.20 |
| 2/22/2016 | $22.68 | $948.60 | $880.51 |
| 2/23/2016 | $22.76 | $947.39 | $879.84 |
| 2/24/2016 | $22.82 | $946.38 | $879.28 |
| 2/25/2016 | $22.91 | $945.29 | $879.12 |
| 2/26/2016 | $22.97 | $944.40 | $878.98 |
| 2/29/2016 | $23.00 | $943.59 | $878.87 |
| 3/1/2016 | $23.05 | $942.88 | $879.96 |
| 3/2/2016 | $23.11 | $942.25 | $880.93 |
| 3/3/2016 | $23.17 | $941.69 | $881.79 |
| 3/4/2016 | $23.21 | $941.19 | $882.52 |
| 3/7/2016 | $23.25 | $940.74 | $883.46 |
| 3/8/2016 | $23.28 | $940.34 | $884.25 |
| 3/9/2016 | $23.33 | $941.12 | $884.97 |
| 3/10/2016 | $23.37 | $941.84 | $885.62 |
| 3/11/2016 | $23.42 | $942.50 | $886.22 |
| 3/14/2016 | $23.45 | $943.10 | $886.51 |
| 3/15/2016 | $23.48 | $943.38 | $886.93 |
| 3/16/2016 | $23.52 | $943.64 | $887.32 |
| 3/17/2016 | $23.57 | $943.88 | $887.68 |
| 3/18/2016 | $23.60 | $944.10 | $888.01 |
| 3/21/2016 | $23.63 | $944.31 | $888.32 |
| 3/22/2016 | $23.65 | $944.50 | $888.62 |
| 3/23/2016 | $23.67 | $945.78 | $888.89 |
| 3/24/2016 | $23.69 | $946.97 | $889.15 |
| 3/28/2016 | $23.72 | $948.45 | $889.39 |
| 3/29/2016 | $23.77 | $949.85 | $889.62 |
| 3/30/2016 | $23.82 | $951.17 | $890.55 |
| 3/31/2016 | $23.86 | $952.41 | $891.43 |
| 4/1/2016 | $23.91 | $953.17 | $892.27 |
| 4/4/2016 | $23.95 | $953.89 | $893.06 |

| 4/5/2016 | $23.98 | $954.57 | $893.82 |
|---|---|---|---|
| 4/6/2016 | $24.01 | $955.22 | $894.53 |
| 4/7/2016 | $24.03 | $955.84 | $895.22 |
| 4/8/2016 | $24.06 | $956.43 | $895.87 |
| 4/11/2016 | $24.09 | $956.99 | $896.49 |
| 4/12/2016 | $24.13 | $957.53 | $897.08 |
| 4/13/2016 | $24.16 | $958.04 | $897.65 |
| 4/14/2016 | $24.19 | $958.53 | $898.19 |
| 4/15/2016 | $24.21 | $959.00 | $899.26 |
| 4/18/2016 | $24.24 | $959.71 | $900.26 |
| 4/19/2016 | $24.27 | $960.37 | $901.27 |
| 4/20/2016 | $24.29 | $961.26 | $902.49 |
| 4/21/2016 | $24.30 | $962.12 | $903.66 |
| 4/22/2016 | $24.31 | $962.94 | $904.76 |
| 4/25/2016 | $24.34 | $963.64 | $905.80 |
| 4/26/2016 | $24.36 | $964.32 | $906.79 |
| 4/27/2016 | $24.39 | $964.97 | $907.92 |
| 4/28/2016 | $24.41 | $965.73 | $909.02 |
| 4/29/2016 | $24.43 | $966.47 | $910.16 |
| 5/2/2016 | $24.44 | $967.19 | $911.26 |
| 5/3/2016 | $24.46 | $967.88 | $912.33 |
| 5/4/2016 | $24.48 | $968.63 | $913.40 |
| 5/5/2016 | $24.50 | $969.37 | $914.41 |

## ADDITIONAL PROVISIONS

54.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 57 below) is $10.00 or greater.

55.    If a Settlement Class Member has more than one purchase/acquisition or sale of Brixmor securities, the first-in-first-out ("FIFO") method will be applied for matching sales to prior purchases.  Under the FIFO methodology, sales of Brixmor securities will be matched in chronological order by trade date, first against Brixmor securities held as of the close of trading on February 19, 2014 (the last day before the Settlement Class Period begins) and then against the purchases of Brixmor securities during the Settlement Class Period.

56.    A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss amounts for all of the Brixmor securities.

57.    The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

58.     Purchases or acquisitions and sales of Brixmor securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Brixmor securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Brixmor securities for the calculation of an Authorized Claimant's Recognized Loss, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Brixmor securities unless (i) the donor or decedent purchased or otherwise acquired such Brixmor securities during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Brixmor securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

59.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of shares.  The date of a "short sale" is deemed to be the date of sale of shares.  Under the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a Claimant has an opening short position in Brixmor common stock, the earliest Settlement Class Period purchases shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

60.     Option contracts are not securities eligible to participate in the Settlement.  With respect to Brixmor common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Brixmor common stock on the date of exercise of the option.  Any Recognized Loss arising from purchases of Brixmor common stock acquired during the Settlement Class Period through the exercise of an option on Brixmor common stock[8] shall be computed as provided for other purchases of Brixmor common stock in the Plan of Allocation.

61.     A Recognized Loss will be calculated as defined herein and cannot be less than zero.  To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Brixmor securities during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Brixmor securities during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

62.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Brixmor securities during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[9] and (ii) the sum of the Total Sales Proceeds[10] and Total Holding

---

[8] Including (1) purchases of Brixmor common stock as the result of the exercise of a call option, and (2) purchases of Brixmor common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

[9] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Brixmor securities purchased or acquired during the Settlement Class Period.

[10] The "Total Sales Proceeds" shall be the total amount received (excluding commissions and other charges) for sales of Brixmor securities that were both purchased/acquired and sold during the Settlement

Value.[11]  This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Brixmor securities during the Settlement Class Period.

63.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.   Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.   At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court, or as otherwise directed by the Court.

64.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.   No Claimant or Settlement Class Member shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Defendants' Counsel, any Parties' damages expert, the Claims Administrator (or any other agent designated by Lead Counsel), or the Defendants' Releasees based on any investments, costs, expenses, administration, allocations, calculation, payments, the withholding of taxes owed by the Settlement Fund, or distributions that are made substantially in accordance with the Stipulation and the Settlement, the plan of allocation approved by the Court, or further orders of the Court.

65.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.   The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.   Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.BrixmorSecuritiesSettlement.com.

---

Class Period.  The first-in-first-out ("FIFO") method will be applied for matching sales to prior purchases as described in paragraph 55.

[11] For each Brixmor security purchased or otherwise acquired during the Settlement Class Period and still held as of the close of trading on February 5, 2016, the Claims Administrator shall ascribe a holding value as follows: $24.50 per share of Brixmor common stock; $969.37 per $1000 par value for the 2022 Notes; and $914.41 per $1000 par value for the 2025 Notes.  These holding values are based on the average closing price of the respective Brixmor security during the 90-Day Lookback Period.  The total calculated holding values for all Brixmor securities shall be the Claimant's "Total Holding Value."

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

66.   Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.   Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed one-third (1/3) of the Settlement Fund.   At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $200,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.   Such sums as may be approved by the Court will be paid from the Settlement Fund.   Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

67.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to *Brixmor Securities Litigation*, EXCLUSIONS, P.O. Box 5270, Portland, OR 97208-5270.   The exclusion request must be received no later than _____, 2017.  You will not be able to exclude yourself from the Settlement Class after that date.  Each request for exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Property Group Inc. et al.*, Case No. 1:16-cv-02400"; (c) state the number of Brixmor securities that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of securities held at the beginning of the Settlement Class Period; and (d) be signed by the person or entity requesting exclusion or an authorized representative.   A request for exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

68.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

69.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

70.   Brixmor has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount

that exceeds an amount agreed to by Lead Plaintiffs and Brixmor, as set forth in a confidential Supplemental Agreement.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

71.    Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.

72.    The Settlement Hearing will be held on _____, 2017 at __:__ __.m., before the Honorable Analisa Torres at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom ___, 500 Pearl Street, New York, NY  10007.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

73.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2017.  You must also serve the papers on the Lead Counsel representatives and on the Defendants' Counsel representative at the addresses set forth below so that the papers are received on or before _____, 2017.

| <u>Clerk's Office</u> | <u>Lead Counsel Representatives</u> | <u>Defendants' Counsel Representative</u> |
|---|---|---|
| U.S. District Court, Southern District of New York Daniel Patrick Moynihan United States Courthouse 500 Pearl Street New York, NY 10007 | Saxena White P.A. Lester R. Hooker, Esq. 5200 Town Center Circle   Suite 601 Boca Raton, FL 33486 | Paul, Weiss, Rifkind, Wharton & Garrison LLP Richard A. Rosen, Esq. 1285 Avenue of the Americas. New York, NY 10019 |

-and-

Greenberg Traurig
Robert A. Horowitz, Esq.
MetLife Building, 200 Park Avenue
New York, NY 10166

-and-

Wilmer Cutler Pickering Hale and Dorr LLP
Peter J. Kolovos
60 State Street
Boston, MA 02109

-and-

Cohen & Gresser LLP
Mark S. Cohen
800 Third Avenue
New York, NY 10022

74.   Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of Brixmor securities that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of securities held at the beginning of the Settlement Class Period.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

21

75.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

76.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is received on or before _____, 2017. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

77.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 71 above so that the notice is received on or _____, 2017.

78.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

79.    Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT BRIXMOR SECURITIES ON SOMEONE ELSE'S BEHALF?

80.    If you purchased or otherwise acquired Brixmor securities during the Settlement Class Period for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Brixmor Securities Litigation*, P.O. Box 5270, Portland, OR 97208-5270. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website

maintained by the Claims Administrator, www.BrixmorSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at 1-844-308-9228.

**CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

81.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.BrixmorSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *Brixmor Securities Litigation* | and/or | Lester R. Hooker, Esq. |
| P.O. Box 5270 | | SAXENA WHITE P.A. |
| Portland, OR 97208-5270 | | Boca Center |
| | | 5200 Town Center Circle, Suite 601 |
| | | Boca Raton, FL 33486 |
| | | (561) 206-6708 |
| | | lhooker@saxenawhite.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2017

By Order of the Court
United States District Court
Southern District of New York

***Brixmor Securities Litigation***
**P.O. Box 5270**
**Portland, OR 97208-5270**
**Toll-Free Number: 1-844-308-9228**
**Settlement Website: <ins>www.BrixmorSecuritiesSettlement.com</ins>**
**Email:  info@BrixmorSecuritiesSettlement.com**

## CLAIM FORM

To be potentially eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Claim Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than _____.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN BRIXMOR COMMON STOCK** | **6** |
| **PART IV – SCHEDULE OF TRANSACTIONS IN BRIXMOR BONDS** | **7** |
| **PART V – RELEASE OF CLAIMS AND SIGNATURE** | **9** |

1

## PART I – CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's First Name                    MI        Beneficial Owner's Last Name

Co-Beneficial Owner's First Name              MI        Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                                    State       ZIP Code / Postal Code (if outside U.S.)

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                                    Telephone Number (work)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[1]:

Claimant Account Type (check appropriate box):

☐  Individual (includes joint owner accounts)        ☐  Pension Plan            ☐  Trust

☐  Corporation                                                       ☐  Estate

☐  IRA/401K                                                         ☐  Other_____(please specify)

---

[1] If the account number is unknown, you may leave blank. If the same legal entity traded through more than one account you may write "multiple." Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

2

## PART II – GENERAL INSTRUCTIONS

1. It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2. This Claim Form is directed to all persons and entities that, during the period from February 20, 2014 through February 5, 2016, inclusive (the "Settlement Class Period"), purchased or otherwise acquired Brixmor securities (including, but not limited to, Brixmor common stock, 3.850% Senior Notes due 2025, and 3.875% Senior Notes due 2022) and were allegedly damaged thereby.  All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3. Excluded from the Settlement Class are (i) Defendants; (ii) the officers and directors of Brixmor (at all relevant times); (iii) members of their immediate families and their legal representatives, successors or assigns; and (iv) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

4. If you are not a Settlement Class Member, or if you, or someone acting on your behalf, submits a request for exclusion from the Settlement Class, do not submit a Claim Form.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.**

5. If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM.  Thus, if you are a Settlement Class Member, the Judgment will release and enjoin the filing or continued prosecution of the Released Plaintiffs' Claims against the Defendants' Releasees.

6. You are potentially eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7. **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.**

8. Use the Schedule of Transactions in Part III and Part IV of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Brixmor securities.  On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable Brixmor securities, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

3

9.     **Please note**:  Only publicly traded Brixmor securities purchased or otherwise acquired during the Settlement Class Period (*i.e.*, from February 20, 2014 through February 5, 2016, inclusive) are included in the Settlement.  However, under the PSLRA "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of Brixmor securities during the period from February 8, 2016, through and including May 5, 2016, will be used for purposes of calculating your Recognized Loss Amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided.

10.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the applicable Brixmor securities set forth in the Schedule of Transactions in Part III and Part IV of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Brixmor securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.     Separate Claim Forms should be submitted for each separate legal entity (e.g., a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.     All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired publicly traded Brixmor securities during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired publicly traded Brixmor securities during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of the stock, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

13.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Brixmor securities; and

(c)     furnish evidence of their authority to submit the Claim Form on their behalf.

14.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the Brixmor securities you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

15.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or

4

fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

17.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator at P.O. Box 5270, Portland, OR 97208, by email at info@BrixmorSecuritiesSettlement.com, or by toll-free phone at 1-844-308-9228, or you may download the documents from the Settlement website, www.BrixmorSecuritiesLitigation.com.

19.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.BrixmorSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@BrixmorSecuritiesSettlement.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  **Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@BrixmorSecuritiesSettlement.com to inquire about your file and confirm it was received and acceptable.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-844-308-9228.**

## PART III – SCHEDULE OF TRANSACTIONS IN BRIXMOR COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired publicly traded Brixmor common stock during the period from February 20, 2014 through February 5, 2016, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Brixmor common stock.

---

**1.  BEGINNING HOLDINGS** – State the total number of shares of Brixmor common stock held as of the opening of trading on February 20, 2014.  (Must be documented.)  If none, write "zero" or "0."

---

**2.  PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD** – Separately list each and every purchase or acquisition (including free receipts) of publicly traded Brixmor common stock from after the opening of trading on February 20, 2014, through and including the close of trading on May 5, 2016.  (Must be documented.)

| Date of Purchase/ Acquisition (MMDDYY) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

---

**3.  SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD** – Separately list each and every sale or disposition (including free deliveries) of publicly traded Brixmor common stock from after the opening of trading on February 20, 2014, through and including the close of trading on May 5, 2016. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (MMDDYY) | Number of Shares Sold | Sale Price Per Share | Total |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

---

**4.  ENDING HOLDINGS** – State the total number of shares of publicly traded Brixmor common stock held as of the close of trading on May 5, 2016.  (Must be documented.)  If none, write "zero" or "0."

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐**
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART IV – SCHEDULE OF TRANSACTIONS IN BRIXMOR BONDS

Complete this Part IV if and only if you purchased or otherwise acquired publicly traded Brixmor 3.850% Senior Notes due 2025, and/or 3.875% Senior Notes due 2022 during the period from February 20, 2014, through February 5, 2016, inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than the Brixmor Bonds listed above.

**1. BEGINNING HOLDINGS** – State the face value of publicly traded Brixmor 3.850% Senior Notes due 2025, and/or 3.875% Senior Notes due 2022 held as of the opening of trading on February 20, 2014.  (Must be documented.)

| Month and Year of Bond Maturity (MMYYYY) | Face Value |
|---|---|
|  |  |
|  |  |
|  |  |

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD** – Separately list each and every purchase or acquisition (including free receipts) of publicly traded Brixmor 3.850% Senior Notes due 2025, and/or 3.875% Senior Notes due 2022 from after the opening of trading on February 20, 2014, through and including the close of trading on May 5, 2016.

| Month and Year of Bond Maturity (MMYYYY) | Date of Purchase (MMDDYY) | Face Value Purchased | Price Per Bond | Total Price |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**3. SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD** – Separately list each and every sale or disposition (including free deliveries) of publicly traded Brixmor 3.850% Senior Notes due 2025, and/or 3.875% Senior Notes due 2022 from after the opening of trading on February 20, 2014, through and including the close of trading on May 5, 2016.

**IF NONE, CHECK HERE** ☐

| Month and Year of Bond Maturity (MMYYYY) | Date of Sale (MMDDYY) | Face Value Sold | Sale Price Per Bond | Total Price |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**4. ENDING HOLDINGS** – State the face value of publicly traded Brixmor 3.850% Senior Notes due 2025, and/or 3.875% Senior Notes due 2022 held as of the close of trading on May 5, 2016.  (Must be documented.)

| Month and Year of Note Maturity (MMYYYY) | Face Value |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART V – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their respective capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (as defined in the Stipulation and in the Notice) against each and every one of the Defendants' Releasees (as defined in the Stipulation and in the Notice); have and shall be deemed to have covenanted not to sue, directly or indirectly, any of the Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims; and shall forever be barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Plaintiffs' Claims against any of the Defendants and the other Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

    1.   that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

    2.   that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 3 of this Claim Form;

    3.   that I (we) own(ed) the publicly traded Brixmor securities identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

    4.   that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of publicly traded Brixmor securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

    5.   that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

    6.   that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

    7.   that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

    8.   that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.   that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Signature of claimant

Date [ ] [ ] – [ ] [ ] – [ ] [ ]
     MM    DD    YY

Print your name here

Signature of joint claimant, if any

Date [ ] [ ] – [ ] [ ] – [ ] [ ]
     MM    DD    YY

Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

Signature of person signing on behalf of claimant

Print your name here

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, *etc.* (Must provide evidence of authority to act on behalf of claimant – see paragraph 13 on page 4 of this Claim Form.)

Date [ ] [ ] – [ ] [ ] – [ ] [ ]
     MM    DD    YY

9

**REMINDER CHECKLIST:**

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-844-308-9228.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@BrixmorSecuritiesSettlement.com, or toll-free at 1-844-308-9228, or visit www.BrixmorSecuritiesSettlement.com.  Please DO NOT call Brixmor or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____**, ADDRESSED AS FOLLOWS:

*Brixmor Securities Litigation*
P.O. Box 5270
Portland, OR 97208-5270

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

**CONFIDENTIAL DRAFT**

<div align="center">

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

</div>

| | |
|---|---|
| WESTCHESTER PUTNAM COUNTIES HEAVY & HIGHWAY LABORERS LOCAL 60 BENEFIT FUNDS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIXMOR PROPERTY GROUP INC., MICHAEL CARROLL. MICHAEL PAPPAGALLO, AND STEVEN SPLAIN,<br><br>Defendants. | Case No.:  1:16-cv-02400 (AT)(SN)<br><br>**CLASS ACTION**<br><br>**EXHIBIT A-3** |

<div align="center">

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

</div>

**TO:  All persons and entities who, during the period from February 20, 2014, through February 5, 2016, inclusive (the "Settlement Class Period"), purchased or otherwise acquired Brixmor securities (including, but not limited to, common stock, 3.850% Senior Notes due 2025, and 3.875% Senior Notes due 2022), and were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class as set forth in the full printed Notice Of (I) Pendency Of Class Action, Certification Of Settlement Class, And Proposed Settlement; (II) Settlement Fairness Hearing; And (III) Motion For An Award Of Attorneys' Fees And Reimbursement Of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $28,000,000.00 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2017 at __:__ __.m., before the Honorable Analisa Torres at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 15D, 500 Pearl Street, New York, NY

10007, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation And Agreement Of Settlement (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Brixmor Securities Litigation*, P.O. Box 5270, Portland, OR 97208-5270, 1-844-308-9228.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.BrixmorSecuritiesSettlement.com.

If you are a member of the Settlement Class, in order to be potentially eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2017.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2017, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to representatives of Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2017, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Brixmor, or Defendants' counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*Brixmor Securities Litigation*
P.O. Box 5270
Portland, OR 97208-5270
(844) 308-9228
www.BrixmorSecuritiesSettlement.com
info@BrixmorSecuritiesSettlement.com

2

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

<div align="center">

SAXENA WHITE P.A.
Lester R. Hooker, Esq.
Boca Center
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
(561) 206-6708
lhooker@saxenawhite.com

</div>

Dated: _____, 2017

By Order of the Court
United States District Court
Southern District of New York

3